UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**EDMUND HEIMLICH,**

        **Plaintiff,**

v.                                       **Civil Action 2:23-cv-1879**
                                            **Judge Michael H. Watson**
                                            **Magistrate Judge Chelsey M. Vascura**

**UNITED STATES,** *et al.*,

        **Defendants.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Edmund Heimlich, an Ohio resident proceeding without the assistance of counsel, has submitted a request to file a civil action *in forma pauperis*. (ECF No. 1.) The Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

This matter is also before the Court for the initial screen of Plaintiff's Complaint as required by 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, the undersigned **RECOMMENDS** that the Court **DISMISS** for lack of subject-matter jurisdiction Plaintiff's claims in their entirety against the United States, the State of Texas, Judge Newman, and Judge Simoneaux, and that the Court **DISMISS** for lack of subject-matter jurisdiction Plaintiff's claims against David Cook and Cook Law, PLLC, to the extent they seek

to disturb the distribution of Plaintiff's father's estate by the Probate Court, pursuant to § 1915(e)(2). The undersigned further **RECOMMENDS** that the Court *sua sponte* **TRANSFER** Plaintiff's remaining claims to the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. § 1406 for lack of proper venue.

## I.   BACKGROUND

Plaintiff's allegations arise out of the appointments by a Texas Probate Court of a guardian and estate administrator for Plaintiff's father, Ernest Heimlich. Plaintiff alleges that, over his competing application to be appointed his father's guardian, Defendant Judge Michael Newman appointed Defendant Suzanne Kornblit as guardian for Ernest Heimlich. (Compl. ¶ 5, ECF No. 1-1.) Ms. Kornblit allegedly breached her fiduciary duties to Ernest's estate by charging more than $30,000 for her guardianship services, which Plaintiff alleges is an "excessive, highly questionable, amount." (*Id.* at ¶¶ 6–7.) Ms. Kornblit, as guardian for Ernest, entered into a contract with a third party for the sale of real property owned by Ernest in Katy, Texas, but that contract was canceled prior to closing on Ernest's death. (*Id.* at ¶ 13.)

After Ernest's death, Judge Newman appointed Defendant David S. Cook as the administrator for Ernest's estate, again over Plaintiff's competing application. (*Id.* at ¶¶ 8–9.) Plaintiff entered into a contract with Mr. Cook, as administrator for Ernest's estate, to purchase the Katy property, "with the understanding that [Plaintiff] would maintain, repair, and then flip the property to another buyer." (*Id.* at ¶ 15.) Plaintiff invested close to $50,000 in improving the property and was to receive $79,500 as payment for his time, recovery of investment, and profit from his enterprise when the property was flipped to the subsequent buyer. (*Id.* at ¶ 17.) Plaintiff alleges that Judge Newman approved the sale of the Katy property to Plaintiff, but that Mr. Cook refused to complete the sale at the closing date provided for in the purchase contract. (*Id.* at ¶¶ 20–21.) In fact, Mr. Cook and his law firm, Defendant Cook Law, PLLC, filed a complaint

against Plaintiff seeking damages for trespass and breach of contract in connection with the Katy property and seeking to have Plaintiff declared a vexatious litigant under Texas Civil Practice & Remedies Code § 11.101. (*Id.* at ¶¶ 23, 28.) Judge Newman entered an order declaring Plaintiff a vexatious litigant and then recused himself from the case shortly thereafter, being replaced by Defendant Judge Jerry Simoneaux. (*Id.* at ¶ 30.)

Plaintiff then hired two attorneys to assist him with the dispute with Mr. Cook regarding the Katy property. Plaintiff allegedly paid Defendant Mark Yablon $4,000 in attorney's fees, but Mr. Yablon failed to provide any legal services. (*Id.* at ¶ 33.) Plaintiff alleges that Mr. Yablon withdrew his legal services at the coercion or encouragement of Mr. Cook and Judge Simoneaux. (*Id.* at ¶ 34.) Plaintiff then hired Defendant Candice Schwager to represent him, who filed an "excellent" motion to vacate the vexatious litigant order and a motion for specific performance of the contract for sale of the Katy property. However, Ms. Schwager also withdrew her services, allegedly as a result of threats by Mr. Cook. (*Id.* at ¶¶ 35–36.) Mr. Cook subsequently found another buyer for the Katy property and sought approval from the Probate Court for the sale. (*Id.* at 42.)

Plaintiff then sought aid from Defendant Assistant District Attorney George Lindsey, but Mr. Lindsey "[a]pparently notified [the Probate Court judges] that the District Attorney of Harris County will not prosecute those with at Noble Title of Judge." (*Id.* at ¶¶ 45–46.) Plaintiff alleges that, on the strength of this reassurance by Mr. Lindsey, non-party Administrative Judge Pamela Medina refused to permit Plaintiff to file his objection to Mr. Cook's request to approve the sale of the Katy property, in accordance with the vexatious litigant statute. (*Id.* at ¶ 46.) Judge Simoneaux simultaneously entered an order approving the sale. (*Id.*)

Plaintiff contends that the Texas vexatious litigant statute, as applied to him, violates his rights under the United States Constitution to petition the courts, to equal protection, and to liberty. He further alleges that the various orders entered in the probate proceedings constitute criminal offenses and statutory violations under Texas law. He further alleges that Ms. Kornblit as Ernest's guardian and Mr. Cook as the administrator of Ernest's estate breached their fiduciary duties by overcharging for their services. As relief, Plaintiff asks this Court to "ask the Attorney General of the United States, the Attorney General of the State of Texas, and the District Attorney from Harris County to do their duty to take action to prevent the deprivation of [Plaintiff's] unalienable Rights" and to "require the performance on the contract for conveyance of [the Katy property], and provide such additional remedy and redress, including a jury trial for a determination of actual damages believed in excess of $200,000 as well as exemplary and punitive damages for the crimes committed by those in institutions, known as Courts, that should be the most trustworthy." (*Id.* at 43–44.)

## II.     STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e), the federal *in forma pauperis* statute, Courts must *sua sponte* dismiss an action upon determining that an *in forma pauperis* complaint fails to state a claim on which relief can be granted. Thus, a typical initial screen involves consideration of the merits of the claims asserted. In this case, however, upon review of Plaintiff's Complaint, the undersigned determines that it is unnecessary to consider the merits of the claims he advances because this Court lacks subject-matter jurisdiction to hear such claims. When the face of the complaint provides no basis for federal jurisdiction, the Court may dismiss an action as frivolous and for lack of subject-matter jurisdiction under both 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(h)(3). *Williams v. Cincy Urban Apts.*, No. 1:10-cv-153, 2010 WL 883846, at

4

*2 n.1 (S.D. Ohio Mar. 9, 2010) (citing *Carlock v. Williams*, 182 F.3d 916, 1999 WL 454880, at *2 (6th Cir. June 22, 1999) (table)).

### III.   ANALYSIS

The undersigned will first discuss the Court's lack of subject-matter jurisdiction over several of Plaintiff's claims, and then discuss the appropriate venue for Plaintiff's remaining claims.

**A.   Lack of Subject-Matter Jurisdiction**

"The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for federal-question jurisdiction, and § 1332, which provides for diversity of citizenship jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006) (cleaned up). Federal-question jurisdiction is implicated when a plaintiff pleads a claim "arising under" the federal laws or the United States Constitution. *Id*. (citation omitted). For a federal court to have diversity jurisdiction pursuant to § 1332(a), there must be complete diversity, which means that each plaintiff must be a citizen of a different state than each defendant, and the amount in controversy must exceed $75,000. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Federal Rule of Civil Procedure 8(a)(1) requires a pleading to contain "a short plain statement of the grounds for jurisdiction." Fed. R. Civ. P. 8(a)(2). Thus, "a plaintiff seeking diversity jurisdiction [must] set forth the factual basis on which that jurisdiction is predicated." *Farmer v. Fisher*, 386 F. App'x 554, 556 (6th Cir. 2010); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("[I]t is to be presumed that a cause lies outside [the Court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."). Although this pleading standard does not require "detailed factual allegations," a complaint will not "suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).

In this case, Plaintiff's claims facially satisfy the requirements for diversity jurisdiction under § 1332(a)—Plaintiff is a citizen of Ohio, and it appears that all Defendants are citizens of Texas; further, Plaintiff seeks actual damages of $200,000 in addition to punitive damages. However, a "probate exception" to diversity jurisdiction prevents this Court from "administ[ering] a decedent's estate" or "endeavoring to dispose of property that is in the custody of a state probate court," even when the requirements of § 1332(a) are met. *Marshall v. Marshall*, 547 U.S. 293, 311–12 (2006). Thus, the probate exception bars any claims that would "require the district court to dispose of property in a manner inconsistent with the state probate court's distribution of the assets." *Wisecarver v. Moore*, 489 F.3d 747, 749 (6th Cir. 2007). Plaintiff asks this court to do just that in seeking to require specific performance on the Katy property purchase contract, when sale of the property to a third party has already been approved by the Texas Probate Court. Similarly, any fees paid to Mr. Cook as estate administrator or to Mr. Cook's firm as legal counsel to Ernest's estate would have been disbursed from the estate with the approval of the Probate Court, and this Court may not disturb that distribution.

Further, to the extent Plaintiff is attempting to overturn any orders entered by the Texas Probate Court, a doctrine known as *Rooker-Feldman* limits this Court's ability to adjudicate such claims. *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415–16 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 476 (1983). "The *Rooker-Feldman* doctrine embodies the notion that appellate review of state-court decisions and the validity of state judicial proceedings is limited to the Supreme Court under 28 U.S.C. § 1257, and thus that federal district courts lack jurisdiction to review such matters." *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009). The *Rooker-Feldman* doctrine applies to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court

6

proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Ind. Corp.*, 544 U.S. 280, 284 (2005). "The pertinent question in determining whether a federal district court is precluded under the *Rooker-Feldman* doctrine from exercising subject-matter jurisdiction over a claim is whether the 'source of the injury' upon which plaintiff bases his federal claim is the state court judgment." *In re Cook*, 551 F.3d at 548.

Thus, to the extent Plaintiff is attempting to appeal from the Probate Court's orders (including Judge Simoneaux's order approving the sale of the Katy property to a third party, any orders approving the payment of fees to Ms. Kornblit or Mr. Cook as guardian or estate administrator, or Judge Newman's order declaring Plaintiff a vexatious litigant), this Court lacks jurisdiction over these claims pursuant to the *Rooker-Feldman* doctrine. This is true even though Plaintiff alleges federal constitutional violations in connection with Judge Newman's order declaring him a vexatious litigant, because those "constitutional claims . . . are inextricably intertwined with the state court's" vexatious litigant determination, and therefore "the District Court is in essence being called upon to review the state court decision." *Feldman*, 460 U.S. 462 n. 16.

Accordingly, the undersigned **RECOMMENDS** that the Court **DISMISS** for lack of subject-matter jurisdiction Plaintiff's claims in their entirety against the United States, the State of Texas, Judge Newman, and Judge Simoneaux, and that the Court **DISMISS** for lack of subject-matter jurisdiction Plaintiff's claims against David Cook and Cook Law, PLLC, to the extent they seek to disturb the distribution of Plaintiff's father's estate by the Probate Court.

**B.      Transfer of Venue**

Plaintiff's remaining claims against David Cook, Cook Law, PLLC, Suzanne Kornblit, Mark Yablon, Candice Schwager, and George Lindsey are not properly venued in this District.

7

Venue is generally proper in the judicial district where any defendants reside or in which the claims arose. *See* 28 U.S.C. § 1391. Plaintiff's claims concern conduct that occurred exclusively in Harris County, Texas in connection with Plaintiff's father's guardianship and the subsequent administration of Plaintiff's father's estate. (*See generally* Compl., ECF No. 1-1.) Moreover, Plaintiff's Complaint provides addresses for all remaining Defendants in Houston, Texas. (*Id.* at 2–3.) There is no indication that any of the Defendants reside in this District or that any of the relevant conduct occurred here. Accordingly, the undersigned **RECOMMENDS** that the Court *sua sponte* **TRANSFER** Plaintiff's remaining claims to the Southern District of Texas, Houston Division, which serves Houston and Harris County pursuant to 28 U.S.C. § 1406 ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). *See, e.g.*, *Bachtel v. Barker*, No. 1:15-CV-434, 2016 WL 339931, at *7 (S.D. Ohio Jan. 28, 2016) ("A court may transfer a case *sua sponte* to a proper venue pursuant to 28 U.S.C. Section 1406(a) . . . .").

## IV. DISPOSITION

For the reasons set forth above, Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a) (ECF No. 1) is **GRANTED**. It is **RECOMMENDED** that the Court **DISMISS** for lack of subject-matter jurisdiction Plaintiff's claims in their entirety against the United States, the State of Texas, Judge Newman, and Judge Simoneaux, and that the Court **DISMISS** for lack of subject-matter jurisdiction Plaintiff's claims against David Cook and Cook Law, PLLC, to the extent they seek to disturb the distribution of Plaintiff's father's estate by the Probate Court. It is further **RECOMMENDED** the Court *sua sponte* **TRANSFER** Plaintiff's remaining claims to the Southern District of Texas, Houston Division.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE