United States District Court
Southern District of Texas
**ENTERED**
July 08, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Edmund Heimlich *Plaintiff,* | § § § | |
| v. | § § | Civil Action H-23-3951 |
| United States, *et al.* *Defendants.* | § § § | |

# MEMORANDUM AND RECOMMENDATION

This case has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). ECF No. 222. Pending before the court are several motions filed by Plaintiff Edmund Heimlich. Heimlich filed a Motion for Relief from Order, ECF No. 211; Motion for Recusal, ECF No. 212; Motion for Leave to Appeal In Forma Pauperis, ECF No. 216; Motion to Reinstate the Case, ECF No. 221; and Motion for Ruling on Motion to Reinstate the Case, ECF No. 230.

The court recommends entry of final judgment based on Judge Hanen's March 28, 2025 order, ECF No. 210, and that Heimlich's Motions for Relief from Order and to Reinstate the Case, ECF Nos. 211 and 221, be **DENIED**. The Motion for Ruling, ECF No. 230 is **DENIED as MOOT**. The Motion for Recusal, ECF No. 212, is **DENIED as MOOT**. The Motion for Leave to Appeal In Forma Pauperis, ECF No. 216, is **GRANTED**.

## 1. Background

On March 28, 2025, Judge Hanen ordered that this case be dismissed without prejudice for lack of subject matter jurisdiction and closed the case. ECF No. 210. The court's order addressed dozens of motions, successive pleadings, and letters filed by

Heimlich. *See id.* Judge Hanen did not enter final judgment. Heimlich, acting *pro se*, has filed several motions and notices since the court's March dismissal order. On April 8, 2025, Heimlich filed a "Motion for Relief from Order." ECF No. 211. On April 14, 2025, Heimlich filed a Motion for Recusal asking that Judge Hanen be recused. ECF No. 212. On April 22, 2025, Heimlich filed a Notice of Interlocutory Appeal. ECF No. 213.[1] And on May 6, 2025, Heimlich filed a Motion for Leave to Appeal In Forma Pauperis. ECF No. 216.

On May 8, 2025, Judge Hanen entered a recusal order. ECF No. 218. The case was reassigned to Judge Charles Eskridge. ECF No. 219. On May 20, 2025, Heimlich filed a Motion to Reinstate the Case. ECF No. 221.

On June 2, 2025, Judge Eskridge referred the case to the undersigned. ECF No. 222. Heimlich has since filed a Notice of Nonconsent to the Referral to a Magistrate Judge, two filings titled "Notice of Complaint," and an "Independence Day, July 4, 1776, Plea for Ruling on Motion to Reinstate This Case". ECF Nos. 223, 226, 227, and 230.

## 2. *Legal Standards and Analysis*

The court considers Heimlich's Motion for Relief from Order and Motion to Reinstate the Case together because both motions seek relief from the court's order dismissing Heimlich's case, ECF No. 210. Because final judgment was not entered, Judge Hanen's order is an interlocutory order. The Rules do not provide for the filing of motions for reconsideration by name, but courts have discretion to decide whether to grant a motion for reconsideration of an interlocutory order for any reason the court deems sufficient. *See Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir.

---

[1] Heimlich also filed a document titled "Plaintiff's Original Petition Breach of Contract" on April 28, 2025. ECF No. 215.

2004) (recognizing that the Rules do not specifically allow motions for reconsideration); *McClendon v. United States*, 892 F.3d 775, 781 (5th Cir. 2018). Nevertheless, "[t]he court should only reconsider a prior ruling when 'the moving party has presented substantial reasons for reconsideration.'" *Fed. Ins. Co. v. C.D. Henderson Inc.*, No. A-07-CA-982-SS, 2009 WL 10670098, at *2 (Bankr. W.D. Tex. Feb. 20, 2009) (quoting *Anderson v. Red River Waterway Comm'n*, 16 F. Supp. 2d 682, 683 (W.D. La. 1998), *aff'd*, 231 F.3d 211 (5th Cir. 2000)). Drawing on the considerations underlying Rules 59 and 60, courts analyze factors such as "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice." *Deeds v. Whirlpool Corp.*, No. 15-2208, 2017 WL 3437772, at *12 (S.D. Tex. Aug. 10, 2017) (quoting *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002)), *aff'd*, 764 F. App'x 407 (5th Cir. 2019).

Also relevant to the undersigned's decision whether to reconsider the challenged order is the principle of judicial comity. "[W]hen a district judge has rendered a decision in a case, and the case is later transferred to another judge, the successor should not ordinarily overrule the earlier decision." *Perforaciones Maritimas Mexicanas S.A. de C.V. v. Seacor Holdings, Inc.*, No. 05-419, 2008 WL 7627805, at *1 (S.D. Tex. May 1, 2008) (quoting *Loumar, Inc. v. Smith*, 698 F.2d 759, 762 (5th Cir. 1983)). "A judge should hesitate to undo his own work. Still more should he hesitate to undo the work of another judge. But until final judgment or decree there is no lack of power, and occasionally the power *may* properly be exercised." *Loumar*, 698 F.2d at 762 (emphasis added).

Heimlich does not meet the burden to succeed. Several of Heimlich's arguments address legal arguments that have already been rejected by the court. Heimlich's motions also address principles of federalism, constitutional law, and jurisdiction, but

they do not show any change in the law, new evidence, or a manifest error. Heimlich's arguments that the law of the case requires a different outcome because the Southern District of Ohio transferred the case to this court is without merit.

To the extent that Heimlich argues that Judge Hanen's order is void or voidable because Judge Hanen subsequently recused himself, that argument is without merit. Judicial recusal, on its own, does not authorize the reopening of closed litigation. *In re Roman Catholic Church of Archdiocese of New Orleans*, 101 F.4th 400, 406 (5th Cir. 2024) (citing *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863 (1988)). In the context of judicial recusal, reconsideration relief is analyzed according to three factors: "[1] the risk of injustice to the parties in the particular case, [2] the risk that the denial of relief will produce injustice in other cases, and [3] the risk of undermining the public's confidence in the judicial process." *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. at 864.

The availability of appellate review before the Fifth Circuit eliminates any risk of injustice from declining to vacate the dismissal order. *See In re Roman Catholic Church of Archdiocese of New Orleans*, 101 F.4th at 407. Denial of relief in this case will not produce injustice in other cases, and there is no risk of undermining the public's confidence in the judicial process by denying Heimlich's motions. In fact, the Fifth Circuit has stated that mindlessly vacating a recused judge's ruling that was based on sound legal reasoning is a countervailing factor. *In re Roman Catholic Church of Archdiocese of New Orleans*, 101 F.4th at 407.

Heimlich's argument that "[t]his case presents 'extraordinary circumstances' warranting relief under Rule 60(b)(6) because the dismissal order's integrity is called into question by the judge's subsequent recusal" is without merit. There is no indication that Judge Hanen had a conflict prior to

4

issuing the dismissal order. After the dismissal order, Heimlich filed a motion for recusal, and Judge Hanen recused himself. Heimlich may seek review of his dismissal on appeal. The dismissal order did not cause an injustice requiring reconsideration.[2]

Heimlich has not otherwise stated reasons sufficient for the court to reconsider its order or to relieve Heimlich from its effect. Heimlich's Motion for Relief from Order and Motion to Reinstate the Case should be denied.[3]

Judge Hanen dismissed the case and denied all relief. ECF No. 210. In such circumstances, the clerk has the authority to enter final judgment unless the court orders otherwise. Fed. R. Civ. P. 58(b)(1)(C). Final judgment has not yet been entered. The undersigned thus recommends that the district judge direct the clerk to enter final judgment.

Heimlich's Motion for Recusal is denied as moot because Judge Hanen entered a recusal order and is no longer assigned to this case.

Heimlich's Motion for Leave to Appeal In Forma Pauperis is granted. "Provided the party satisfies the financial indigency requirements, leave to appeal in forma pauperis shall be granted if the party raises an issue of arguable merit, that is, if the appeal is not frivolous." *Raymond v. Ivest Properties, LLC*, No. 20-CV-965, 2023 WL 11909785 (W.D. Tex. Dec. 8, 2023) (citing 28 U.S.C. § 1915(a)). The Federal Rules of Appellate Procedure provide that "[a] party who was permitted to proceed in forma pauperis in the district-court action, . . . may proceed on appeal in forma pauperis

---

[2] Heimlich's motion to sever and try separately, which is contained in his Motion to Reinstate the Case, ECF No. 221 at 12–13, is moot because the court recommends denial of Heimlich's motion to reinstate the case.

[3] Heimlich's Motion for Ruling on Motion to Reinstate the Case, ECF No. 230, is moot in light of the court's recommendation.

without further authorization, unless" the district court certifies that the appeal is not taken in good faith or a statute provides otherwise. Fed. R. App. P. 24(a)(3).

The District Court for the Southern District of Ohio granted Heimlich's request to proceed in district court in forma pauperis. ECF No. 2. Heimlich's Notice of Appeal informs the court of the order and issues he seeks to appeal, specifically the court's dismissal of his claims based on lack of subject matter jurisdiction. ECF No. 213. The court cannot say that Plaintiff's legal arguments are all frivolous. Thus, the court grants Plaintiff's Motion for Leave to Appeal In Forma Pauperis.

Heimlich has also recently filed three documents providing notice to the court of various matters. Heimlich provided his "Notice of Non-Consent" to the undersigned's jurisdiction. ECF No. 223. Reference to a magistrate judge is not the same as consent. The parties have not consented to the jurisdiction of the magistrate judge. Therefore, the court will rule on all motions and enter orders. Those orders and rulings are all reviewable by the district judge, who retains jurisdiction over this case. Any relief requested in the Notice of Non-Consent is **DENIED**.

To the extent that Heimlich objects to the undersigned's involvement in this case, the objection is noted and overruled. *See* ECF No. 223 at 2–3, 11–12. The case is properly referred to the undersigned magistrate judge. No basis for recusal exists.

To the extent that Heimlich files a complaint of misconduct against another judge in his "notice" filing, this court is the wrong forum for such a complaint. ECF No. 223 at 3.

Heimlich's other notices, ECF Nos. 226 and 227, appear to provide the court with notice of additional complaints that Heimlich has filed with the Department of Justice, Harris County, and other entities. The notices do not seek relief and thus require no court action.

### *3. Conclusion*

The court recommends entry of final judgment based on Judge Hanen's March 28, 2025 order, ECF No. 210, and that Heimlich's Motions for Relief from Order and to Reinstate the Case, ECF Nos. 211 and 221, be **DENIED**. The Motion for Ruling, ECF No. 230, is **DENIED as MOOT**. The Motion for Recusal, ECF No. 212, is **DENIED as MOOT**. The Motion for Leave to Appeal In Forma Pauperis, ECF No. 216, is **GRANTED**.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on July 8, 2025.

*[signature: Peter Bray]*

Peter Bray
United States Magistrate Judge